UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
**NO LIMIT AUTO ENTERPRISES, INC.,**   :

                Plaintiff,   :

                              :   **ORDER ADOPTING REPORT**
  – against –                      **AND RECOMMENDATION**
                              :
                                21-CV-4755 (AMD) (JMW)
**NO LIMIT AUTO BODY, INC.,**   :

                                :

                Defendant.   :
-------------------------------------------------------------- X
**ANN M. DONNELLY**, United States District Judge:

      On August 23, 2021, the plaintiff filed this action asserting breach of contract as well as trademark infringement, false designation and unfair competition under the Lanham Act, 15 U.S.C. §§ 1117(a), 1118, 1125(a).  (ECF No. 1 ¶¶ 29–45.)  The plaintiff seeks compensatory and liquidated damages for breach of contract, statutory damages under the Lanham Act and injunctive relief.  The plaintiff also requests "an order declaring that Plaintiff rightfully owns the duly registered Trademarks which are described as being licensed under the Agreement to be utilized by Defendant under the terms of the Agreement; that Plaintiff has duly terminated the Agreement; and as such that any license conferred by the Agreement is no longer in force and effect."  (*Id.* ¶ 52.)  On October 18, 2021, the plaintiff requested a Certificate of Default, which the Clerk of Court granted on October 21, 2021.  (ECF Nos. 9–11.)  The plaintiff moved for default judgment on August 10, 2022.  (ECF No. 15.)

      I referred the motion to the Honorable James M. Wicks, who issued a report and recommendation on December 12, 2022, recommending that the Court grant the plaintiff's motion as to Counts One, Two and Three (breach of contract and violations of the Lanham Act) and deny the plaintiff's motion as to Count Four (declarative judgment), because the plaintiff "seeks a declaration that would be duplicative of its other claims."  (ECF No. 16 at 15, 18, 20.)

Judge Wicks also recommends permanently enjoining the defendant "from continued use of the trade dress and livery represented by the Mark, and from any further marketing or promotion of their business through and with the use of Plaintiff's trade dress and livery represented by the Mark." (*Id.* at 20, 23.)  As for damages, Judge Wicks recommends awarding the plaintiff $19,500 in compensatory damages under the agreement, $350,000 in liquidated damages under the agreement in lieu of the statutory damages under the Lanham Act, $101,609.43 in interest up to August 10, 2022, and additional interest accruing at the rate of $181.77 per day until the entry of judgment. (*Id.* at 24, 29, 30.)  Finally, Judge Wicks recommends awarding the plaintiff $10,537.50 in attorney's fees.  (*Id.* at 34.)  No party has filed an objection to the report and recommendation; the time for doing so has passed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Judge Wicks's thorough and well-reasoned report and recommendation for clear error and find none.  Accordingly, I adopt the report and recommendation in its entirety.  The plaintiff's motion is granted in part and denied in part.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
January 19, 2023

2